UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DOUGLAS B. PHILLIPS | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21cv00032 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ROBERT H. VOLLGRAFF, et al., | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Douglas Phillips brings this action alleging that defendants Robert Volgraff and Joseph Phillips fraudulently deprived him of the benefits of an annuity policy. (*See* ECF No. 2 at 4.) He seeks the court's leave to proceed *in forma pauperis* against these defendants. Having reviewed Phillips's application and complaint, the court grants his request to proceed *in forma pauperis* but concludes that it lacks jurisdiction over his complaint under 28 U.S.C. § 1332. Therefore, the court will dismiss Phillips's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

The alleged basis for this court's jurisdiction over Phillips's state-law cause of action is diversity jurisdiction under 28 U.S.C. § 1332. (*See id.* at 2.) The exercise of diversity jurisdiction requires that the cause of action concern an amount in controversy greater than $75,000 and that the parties in the action be completely diverse. Complete diversity requires that every defendant reside in a different state than the plaintiff. *See Strawbridge v. Curtiss*, 7 U.S. 267, 267, 2 L. Ed. 435 (1806).

Phillips's action is not completely diverse and is therefore beyond this court's jurisdiction. It is clear from the face of the complaint that Phillips and defendant Vollgraff

both reside in the state of Virginia. (*See* ECF No. 2 at 1–2.) Thus, the case lacks complete diversity and is beyond this court's diversity jurisdiction. *See Strawbridge*, 7 U.S. at 267.). Therefore, the court will dismiss Phillips's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

**ENTERED** this 9th day of February, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE